E-FILED
Monday, 18 October, 2004  05:01:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, GREAT PLAINS ANNUITY FUND, NORTH CENTRAL LABORERS' WELFARE FUND, ILLINOIS LABORERS'-CONTRACTORS' TRAINING TRUST FUND, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, NORTH CENTRAL LABORERS'-EMPLOYERS' COOPERATION AND EDUCATION TRUST, NORTH CENTRAL MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, NORTH CENTRAL LABORERS' POLITICAL LEAGUE, ILLINOIS VALLEY LABOR-MANAGEMENT, LABORERS' VACATION FUND, LABORERS' WORK DUES FUND, and LABORERS' LOCAL #393,<br><br>                    Plaintiffs,<br><br>vs.<br><br>RESTORATION LABOR, INC. d/b/a CNC EMERGENCY SERVICES,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No:<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by its attorneys, Cavanagh & O'Hara, complaining of the Defendant, RESTORATION LABOR, INC., and allege as follows:

1.    This action arises under the Employee Retirement Income Security Act of 1974, as amended, U.S.C. Title 29, Section 1145.

2.    The Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, are employee benefit plans administered pursuant to the terms and provisions of Declarations of Trusts creating

1

said funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974 (as amended), 29 U.S.C. §§1001 *et seq.* The address and place of business of the Plaintiffs is Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267. Central Laborers' Pension, Welfare and Annuity Funds are the collection agent for the other named Plaintiffs.

3. That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Sections 1002 (5), (11), (12) and (14). Defendant employs individuals who are members of, and represented by Laborers' International Union of North America, AFL-CIO, and said individuals are participants in Plaintiffs' employee benefit plans, pursuant to a Participation Agreement by and between Defendant and Laborers' International Union of North America, AFL-CIO. Said Participation Agreement is attached hereto and made a part hereof as **Exhibit A**.

4. The Defendant's principal address is 3510 U.S. 52 South, Lafayette, Indiana 47905.

5. Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29, Section 1145), the Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the trust agreements, and to pay liquidated damages in the event said contributions are not timely made. The trust agreements, in pertinent part, are attached hereto and made a part hereof as **Exhibits B, C, D, and E**.

6. During the terms of the aforesaid Agreements, Defendant submitted fringe benefit Report Forms, as it was required to do by said Agreements, but did not submit the required contributions therewith, and said payments are delinquent and owing by Defendant to Plaintiffs.

7. That pursuant to such Participation Agreements and Agreements and Declarations

of Trust, the Plaintiffs have determined delinquent contributions and liquidated damages owed by Defendant to Plaintiffs in the amount of $16,173.53 for the months of October and November 2003. A breakdown of these delinquencies and the corresponding contribution report forms are attached hereto and made a part hereof as Plaintiffs' **Exhibit F**.

9. That Plaintiffs have made demand upon Defendant for amounts due, but Defendant has failed to satisfy said demand. Said demand is attached hereto and made a part hereof, as Plaintiffs' **Exhibit G**.

10. That pursuant to ERISA, 29 U.S.C. Section 1132(g)(2) and the trust agreements, the Defendant is liable for reasonable attorney fees, court costs and all other reasonable expenses incurred by Plaintiffs in collection of audit liability, liquidated damages and audit costs. Attached hereto and incorporated herein as **Exhibit H** is the Affidavit of Patrick J. O'Hara in support of his request for attorneys fees incurred in the prosecution of this matter.

WHEREFORE, Plaintiffs pray as follows:

A. For a Judgment in favor of Plaintiffs and against Defendant for delinquent contributions and liquidated damages in the total amount of $16,173.53 and further, any unpaid contributions and liquidated damages unpaid at the time Judgment be rendered;

B. That Defendant be specifically required to perform and continue to perform all its obligations to the Plaintiffs, particularly to furnish to the Plaintiffs the required contribution payments heretofore referred to, or in lieu thereof, a statement covering the period for which said report is required that Defendants had no employees for whom contributions are required to be made;

C. That Defendant be decreed to pay to Plaintiffs its reasonable attorneys fees in the amount of $1,187.75 as provided by ERISA, 29 U.S.C. Section 1132(g)(2), and the respective trust

of Trust, the Plaintiffs have determined delinquent contributions and liquidated damages owed by Defendant to Plaintiffs in the amount of $16,173.53 for the months of October and November 2003. A breakdown of these delinquencies and the corresponding contribution report forms are attached hereto and made a part hereof as Plaintiffs' **Exhibit F**.

9.  That Plaintiffs have made demand upon Defendant for amounts due, but Defendant has failed to satisfy said demand. Said demand is attached hereto and made a part hereof, as Plaintiffs' **Exhibit G**.

10. That pursuant to ERISA, 29 U.S.C. Section 1132(g)(2) and the trust agreements, the Defendant is liable for reasonable attorney fees, court costs and all other reasonable expenses incurred by Plaintiffs in collection of delinquent contributions and liquidated damages. Attached hereto and incorporated herein as **Exhibit H** is the Affidavit of Patrick J. O'Hara in support of his request for attorneys fees incurred in the prosecution of this matter.

WHEREFORE, Plaintiffs pray as follows:

A.  For a Judgment in favor of Plaintiffs and against Defendant for delinquent contributions and liquidated damages in the total amount of $16,173.53 and further, any unpaid contributions and liquidated damages unpaid at the time Judgment be rendered;

B.  That Defendant be specifically required to perform and continue to perform all its obligations to the Plaintiffs, particularly to furnish to the Plaintiffs the required contribution payments heretofore referred to, or in lieu thereof, a statement covering the period for which said report is required that Defendants had no employees for whom contributions are required to be made;

C.  That Defendant be decreed to pay to Plaintiffs its reasonable attorneys fees in the amount of $1,187.75 as provided by ERISA, 29 U.S.C. Section 1132(g)(2), and the respective trust

3

agreements;

        D.      That Defendant be decreed to pay all costs attendant to these proceedings;

        E.      That Plaintiff be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

        CENTRAL LABORERS' PENSION, FUND, *et al.*, Plaintiffs,

        By:    s/ Patrick J. O'Hara
                PATRICK J. O'HARA

**CAVANAGH & O'HARA**
407 East Adams Street
Post Office Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
F:\files\CENTRAL\Restoration Labor - CNC Emergency\C-RestorationLabor.DEL.wpd